**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES V. DiROCCO, | 3:04-CV-0504-PMP (RAM) |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| JACKIE CRAWFORD, et al., | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Philip M. Pro, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Plaintiff is a prisoner at Lovelock Correctional Center (hereinafter "LCC"), and all of the Defendants are current or former employees of the Nevada Department of Corrections. Plaintiff's Amended Complaint (Doc. #8) was screened pursuant to the Prisoner Litigation Reform Act (hereinafter "PLRA") (Doc. #9), where several claims and defendants were dismissed.[1] Plaintiff's only remaining claims, Counts II, III, and IV, concern the Eighth Amendment. (Doc. #8.)

---

[1] The Nevada State Attorney General accepted service on behalf of Defendants Jackie Crawford and E.K. McDaniel. Service was not accepted on the behalf of Dr. Larry Williamson or Mr. Osbourne because they are not employed by the NDOC. (Doc. #10.) According to Plaintiff's Amended Complaint, however, Dr. Williamson was a physician at Ely State Prison and Mr. Osbourne was a caseworker/counselor at Ely State Prison. (Doc. #8.) There is no indication on the record whether these defendants were properly served by October 31, 2005. (*See* Doc. #21.)

Defendants Crawford and McDaniel answered through the Attorney General's Office (Doc. #11), and filed a Motion to Dismiss soon after (Doc. #12.) The Motion to Dismiss raises the affirmative defense of nonexhaustion under the PLRA. (*Id.*) Plaintiff filed an opposition (Doc. #18), and Defendants replied (Doc. #19).

## STATEMENT OF FACTS

Plaintiff was incarcerated at Ely State Prison (hereinafter "ESP") before he transferred to LCC. (Doc. #8.) During his stay at ESP, Plaintiff shared a cell with Mr. Jason Laraby (hereinafter "Laraby"), who physically assaulted Plaintiff on or around October 7, 2002. (*Id.*) Plaintiff claims he suffered substantial injuries to his face, including "multiple fractures of the left eye orbit, multiple fractures of the left cheek bone and or a broken or dislocated lower jaw mandible." (*Id.*) These injuries have allegedly left Plaintiff looking "deformed," and have also affected his ability to eat and speak clearly. (*Id.*)

In Count II, Plaintiff sues all the Defendants under the Eighth Amendment for deliberate indifference towards his physical and mental health, by placing him in a cell with Laraby and by failing to provide him with proper medical care afterwards.[2] (Doc. #8.) Plaintiff alleges that he sought medical attention from Dr. Williamson after his beatings, but Dr. Williamson was deliberately indifferent and refused to provide Plaintiff with any treatment or surgery. (*Id.*) Count III alleges that Defendants Jackie Crawford and E.K. McDaniel violated Plaintiff's Eighth Amendment rights by failing to prevent substandard medical practices at ESP. (*Id.*) Last, Count IV claims that Defendant Osbourne violated Plaintiff's Eighth Amendment rights for his deliberate indifference to Plaintiff's welfare. (*Id.*) Plaintiff claims he warned Defendant Osbourne that Laraby was a violent inmate, and to not to place Laraby in his cell, but Defendant Osbourne ignored him.

///

///

---

[2] Plaintiff also sued each Defendant in each count under the Fourteenth Amendment's Equal Protection Clause (Doc. #8), but those claims were dismissed in the screening order (Doc. #9.)

2

## **LEGAL STANDARD**

The Prison Litigation Reform Act of 1996 (hereinafter "PLRA") requires prisoners to exhaust all available state administrative remedies before bringing a § 1983 action regarding prison conditions. 42 U.S.C. § 1997e(a) (2005); *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Wisenbaker v. Farwell*, 341 F. Supp. 2d 1160, 1168 (D. Nev. 2004). That requirement has been interpreted such that an inmate must exhaust his institutional grievance procedures. *Wisenbaker*, 341 F. Supp. 2d at 1168-69; *Blackmon v. Crawford*, 305 F. Supp. 2d 1174, 1177 (D. Nev. 2004). Prisoners do not have to pursue their claims through general state tort claim procedures, such as Nevada Revised Statute § 209.243. *Wisenbaker*, 341 F. Supp. 2d at 1169; *Blackmon*, 305 F. Supp. 2d at 1177-78.

The Inmate Grievance Procedure (hereinafter "IGP") is set forth in Nevada Department of Corrections Administrative Regulation (hereinafter "AR") 740.[3] The IGP begins with the filing of an informal grievance and is followed by two formal levels of review that are called "first level" and "second informal grievance, then a first and second level grievance, respectively. Nev. Dep't. Corr. Admin. Reg. 740.02 (2004). Inmates may submit grievances relating to "personal property, property damage, disciplinary appeals, personal injuries, [and] any other tort claim or civil rights claim relating to conditions of institutional life." *Id.*

Defendants bear the burden of raising and proving the plaintiff's failure to exhaust under the PLRA as an affirmative defense in a nonenumerated Rule 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003). Plaintiffs need not plead exhaustion in the complaint. *Id.* at 1120. Courts may consider matters outside the pleadings and decide issues of fact in ruling on an nonenumerated Rule 12(b) motion. *Id.* If the court finds the plaintiff failed to exhaust nonjudicial remedies, the court should dismiss without prejudice because the dismissal is not based on the merits of the case. *Id.*

---

[3] Because AR 740 has been revised, the version the court will consider is that which was in effect between October and December 2002 (Doc. #12, Exh. A), when Plaintiff claims he filed his grievances (Doc. #13). A copy of the relevant IGP is attached to Defendants' Motion to Dismiss as Exhibit A.

## DISCUSSION

Defendants' Motion to Dismiss contains two arguments. First, Defendants[4] argue that Plaintiff's claim should be dismissed because he did not exhaust the institutional grievance procedures under AR 740. (Doc. #12.) Second, Defendants argue the claim should be dismissed because Plaintiff did not exhaust his remedies pursuant to Nevada Revised Statute § 209.243. (*Id.*) This court, however, has specifically held that prisoners are not required to exhaust their claims through NRS § 209.243 state tort claim procedures. *Wisenbaker v. Farwell*, 341 F. Supp. 2d 1160, 1168-69 (D. Nev. 2004); *Blackmon v. Crawford*, 305 F. Supp. 2d 1174, 1177-78 (D. Nev. 2004). Thus, the only issue before the court is whether Plaintiff exhausted his claim under AR 740 as it existed from October to December 2002.

### A.  Nonexhaustion under AR 740

Defendants main contention is that because Plaintiff failed to exhaustion the IGP as to them, specifically, they should be dismissed from this action. (Docs. #12, 19.) In their defense, Defendants have provided the court with a copy of Plaintiff's second level grievance filed at LCC (Doc. #12, Exh. B), which complains only of Dr. Williamson. Plaintiff's opposition, although devoid of any legal argument, contains copies of all the grievances he filed that relate to this case and numerous medical kites. (Doc. #13.) After reviewing those documents, however, the court finds that although Plaintiff traveled throughout the entire IGP (*see id.*), those grievances fail to specifically identify Defendants Crawford and McDaniel.

The issue of whether a prisoner is required to specifically identify defendants in their grievances recently addressed in *Butler v. Adams*, 397 F.3d 1181 (9th Cir. 2005). In that case, the plaintiff Butler alleged he had a visual impairment, and claimed the lack of assistance programs and devices at his facility violated his rights under the Americans with Disabilities Act. *Id.* at 1182. Butler's requests for reasonable accommodations were repeatedly denied throughout the IGP, and he was told to simply "request assistance from staff." *Id.* When Butler finally brought suit, the defense moved for a dismissal0

---

[4] All further references to "Defendants" in general shall mean Defendants Crawford and McDaniel since it is their Motion to Dismiss under consideration (Doc. #12), and because there is no proof that Dr. Williamson and Mr. Osbourne have been served (Doc. #21.)

4

for nonexhaustion under the PLRA because none of the named defendants were mentioned in his grievances, and the facts alleged in his grievances were insufficient to have put those defendants on notice of his potential claims. *See id.* at 1183. The district court subsequently dismissed those defendants on those grounds, but the Ninth Circuit reversed. *Id.* The Ninth Circuit held that because the form did not actually require the identification of any specific persons and because Butler had otherwise filled out the inmate grievance forms in all other respects, the PLRA exhaustion requirement had been met. *Id.*

In this case, Plaintiff completed the required IGP forms, and at no point was he asked to specifically identify any persons by name. (*See* Doc. #13.) The informal grievance form only asks "what is your complaint?" and for the "remedy sought." (*Id.*) Likewise, the first and second level grievances refrain from asking prisoners to identify any prison officials. (*Id.*) By filling out the IGP forms Plaintiff "availed himself of the administrative process the state gave him." *Butler v. Adams*, 397 F.3d at 1182. Defendants argument is therefore insufficient to invoke the affirmative defense of nonexhaustion under the PLRA.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the District Judge enter an order **DENYING** Defendants' Motion to Dismiss. (Doc. #12).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(©) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

///
///
///
///

5

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the District Court's judgment.

DATED: December 15, 2005.

_____
UNITED STATES MAGISTRATE JUDGE